UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JERRY PIKES | CIVIL ACTION NO. 1:14-cv-0867 |
| -vs- | JUDGE DRELL |
| WAL-MART LOUISIANA, INC | MAGISTRATE JUDGE HORNSBY |

### RULING

Pending before the Court is a motion for summary judgment (Doc. 13) filed by the Defendant, Wal-Mart. We have reviewed the motion, the arguments contained in the parties' memoranda, the attached exhibits, and the record. For the following reasons, the motion will be **GRANTED**.

I.  Background

Fifty-five thousand dollars went missing from a Walmart safe in Natchitoches, LA (Doc. 13-4). The theft was not captured by Walmart's video surveillance equipment because someone had pulled the video cables out of the system before the theft occurred. A Walmart employee called the Natchitoches Police to report the theft. There was no evidence of forced entry into either the safe or the "Asset Protection" office, where the video cables had been pulled from the security console. According to the Defendant, all assistant managers, including the Plaintiff, Jerry Pikes, had keys to the Asset Protection office and know the combination to the safe. Members of the Asset Protection Department began reviewing video footage (from before the video cables were disconnected) to the hallway outside "The Nook,"

Defendant's term for an area of the store containing the Asset Protection office and the manager's office.[1] Id. Plaintiff is seen entering The Nook about thirteen minutes before the camera footage stops recording, but he is not seen exiting. Id. When questioned by police and Walmart representatives, Plaintiff denied pulling the video cables or stealing the money (See Doc. 13-4).

On June 2, 2010, Pikes was arrested for theft and criminal damage to property. Id. However, the District Attorney for Natchitoches Parish only charged him with simple criminal damage to property via a Bill of Information (Doc. 13-5). The Plaintiff admits that he learned of this sole charge from the district attorney's office in September or October of 2010 (Doc. 13-3). On January 10, 2011, Plaintiff was arraigned on the same charge (Doc. 13-2), and on February 15, 2013, the Natchitoches District Attorney entered a *nolo prosequi*, dismissing the charge (Doc. 13-1). On February 12, 2014, Pikes filed the instant suit against Walmart for defamation. Id. Defendant Walmart has now moved for summary judgment contending, primarily, that Plaintiff's cause of action is time-barred by Louisiana's one-year prescriptive period for delictual actions (Doc. 13). Plaintiff has opposed the motion (Doc. 17).

II. **Law and Analysis**

　　A.　**Summary Judgment**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[1] It is not clear from the record whether there are any other offices in The Nook, but it appears that at least these two are.

2

party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Plaintiff's Claim for Defamation is Prescribed

To prevail on a claim for defamation, the "plaintiff must prove 'that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.' If even one of the required elements of the tort is lacking, the cause of action fails." Costello v. Hardy, 2003-1146 (La. 1/21/04), 864 So. 2d 129, 139-40 (quoting Trentecosta v. Beck, 96-2388 (La. 10/21/97), 703 So. 2d 552, 559).

"Defamation sounds in tort and therefore is subject to the one-year prescriptive period for delictual actions set forth in Louisiana Civil Code article 3492." Rozas v. Dep't of Health & Human Res., State of La., 522 So. 2d 1195, 1196 (La. App. 4th Cir. 1988). "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. Civ. Code Ann. art. 3492; see also Pinner v. Schmidt, 805 F.2d 1258, 1264 (5th Cir. 1986). "Although federal courts look to state law to determine the applicable

3

limitations period, the question of when a cause of action accrues, and thus when the limitations period commences running, is governed by federal law." Vigman v. Cmty. Nat. Bank & Trust Co., 635 F.2d 455, 458-59 (5th Cir. 1981) (citing Rawlings v. Ray, 312 U.S. 96 (1941)). "'[W]hen a defendant raising the exception of prescription shows that the petition is prescribed on its face, the plaintiff bears the burden of proving the prescriptive period has been suspended, interrupted or renounced.'" Floyd v. Wells Fargo Home Mortgage Co., 848 F. Supp. 2d 635, 641 n.5 (E.D. La. 2012) (quoting Wilhike v. Polk, 2008-0379 (La. App. 4 Cir. 11/19/08), 999 So. 2d 83, 85 (La. Ct. App. 2008)).

On the face of Plaintiff's state court petition, the claim is prescribed. Plaintiff filed his petition on February 12, 2014; therefore, February 12, 2013 is the benchmark date for application of prescription principles. Claims relating to any alleged defamatory statements preceding that date would be prescribed on their face. Although Pikes did not identify specific defamatory statements in his petition, we presume (and Plaintiff's memorandum in opposition to the present motion corroborates our presumption) that the alleged defamatory statements were ones made by Walmart employees to police and/or the district attorney prior to the arrest of Mr. Pikes (Docs. 1, 17). In either case, those possible statements by Walmart employees occurred no later than Plaintiff's June 2, 2010 arrest and have thus facially prescribed.

In his petition, Plaintiff alleges, in general fashion, that "Mr. Pikes' arrest was broadcast on several news stations, going out to thousands of households. Reports of the incident was [sic] also placed on the internet" (Doc. 1-1). We can only presume

4

these reports were on, or shortly after, Mr. Pikes' June 2, 2010 arrest date. Plaintiff does not allege, let alone provide evidence of, any defamatory news broadcasts after February 12, 2013. Indeed, Plaintiff merely alleges in the next paragraph of his petition, "For three years, Jerry Pikes had to make repeated visits to criminal court as a result of the defendant's false claims against Mr. Pikes. On each occasion Mr. Pikes' [sic] suffered from distress and embarrassment from these false accusations." Id. In other words, the Plaintiff only alleges further damages stemming from the original alleged defamation around June 2, 2010 rather than any additional defamatory statements.

In his opposition memo, Plaintiff argues that prescription for his defamation claims was interrupted during the pendency of his criminal prosecution because the alleged defamatory statements were made in judicial proceedings (Doc. 17). "An action for defamation arising out of allegations made in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings are terminated." Doughty v. Cummings, 44,812 (La. App. 2 Cir. 12/30/09), 28 So. 3d 580, 584. In Doughty, the Plaintiff sued his employer for accusing him of bank fraud to federal authorities and to the bank's insurer. Id. at 581-82. The plaintiff was indicted in federal court on charges of bank fraud, but the charges were dismissed about two years later. Id. at 582. The appellate court found that prescription was not interrupted because the alleged statements to the insurance company and to federal authorizes "were not made *in* a judicial proceeding, but *prior to* any proceeding." Id. at 584 (emphasis added). Likewise, here, the only evidence of any potentially

5

defamatory statements made by Walmart employees about Plaintiff were not made *in* the criminal judicial proceedings against Mr. Pikes, but *prior to* them.

Finally, Plaintiff argues that Walmart may have made defamatory statements during Plaintiff's judicial proceeding that had yet to be discovered because Defendant filed this motion a few weeks prior to the December 1, 2014 discovery deadline (Doc. 17). Plaintiff urged the Court to deny the motion or defer ruling on the motion until the discovery deadline passed. Id. Although not formally stayed, the Court did not immediately rule on the motion. It has now been nearly nine months since the discovery deadline, and the record is still devoid of any evidence of defamatory statements made during judicial proceedings and reflects no further attempt by Plaintiff or his attorney to supplement the record.

## III. Conclusion

For the foregoing reasons, we find Defendant has shown there is no genuine dispute as to any material fact concerning Plaintiff's defamation claim, and find Defendant is entitled to judgment as a matter of law. Plaintiff's claims are prescribed on the face of his petition, and Plaintiff failed to meet his burden of proving the claims are not prescribed. Accordingly, Defendants' Motion for Summary Judgment will be **GRANTED**. This suit will be **DISMISSED with PREJUDICE**.

SIGNED on this 24th day of August, 2015 at Alexandria, Louisiana.

6

DEE D. DRELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT